IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01846-PAB-MJW

GENERAL STAR INDEMNITY COMPANY, a Connecticut corporation,

    Plaintiff,

v.

OAKWOOD BUILDING AND DEVELOPMENT CO., a Colorado corporation, a/k/a
OAKWOOD BUILDING CORP & DEVELOPMENT a/k/a OAKWOOD CONSTRUCTION
COMPANY,
LARRY KLEVEN,
ALLAN KLEVEN,
K. DENNY MOORE,
WALTER and KATHLEEN BLAIR,
JEFFREY and SANDRA MCGINNISS,
WILLIAM and LINDA HERLTH,
KEVEN and ROBIN RIVARD,
STEPHEN and JANE SCHUH,
R.J. and STEPHANIE MACFARLANE,
TERRY and ROBIN HAMILTON,
BARTON NESMITH,
WAYNE MAIDEN,
LEE and CYNTHIA NEWBERRY, and
MARK A. and MICHELLE L. NETHERCOT,

    Defendants,

and

OAKWOOD BUILDING AND DEVELOPMENT COMPANY,
OAKWOOD CONSTRUCTION COMPANY,
LARRY KLEVEN,
ALLAN KLEVEN, and
K. DENNY MOORE,

    Third-Party Plaintiffs,

v.

MCGEE AGENCIES, INC., n/k/a WESTERN GROUP, and
ADCO GENERAL CORPORATION,

Third-Party Defendants.

_____

**ORDER OF DISMISSAL**
_____

On December 17, 2008, plaintiff General Star Indemnity Company and all defendants filed a stipulated motion to dismiss all claims between them. Jurisdiction over plaintiff's state-law claims was predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. The Court granted the stipulated motion for dismissal regarding claims between plaintiff and defendants on December 19, 2008. Because dismissing plaintiff as a party to this action left only nondiverse parties, in its December 19, 2008 Order [Docket No. 136], the Court required third-party plaintiffs and third-party defendants to show cause why the Court should retain jurisdiction over the third-party complaint [Docket No. 92]. Third-party plaintiff K. Denny Moore subsequently resolved his claims against third-party defendants and those parties collectively filed stipulated motions for dismissal of the claims between them, which the Court granted on January 13, 2009 [Docket No. 154]. The remaining third-party plaintiffs – Oakwood Building and Development Company, Oakwood Construction Company, Larry Kleven, and Allan Kleven – filed their responses to the Court's December 19, 2008 Order on January 20, 2009 [Docket Nos. 156, 157]. Third-party defendant ADCO General Corporation filed its response to that Order on January 21, 2009 [Docket No. 158]. Having considered these responses and after carefully assessing the propriety of retaining jurisdiction over the remaining claims in this action, the Court now finds that the action must be dismissed.

Undoubtedly, the Court had jurisdiction over the third-party complaint and the

claims asserted therein at the time it was filed. This is true because "a court has ancillary jurisdiction [over] a defendant's proper [Fed. R. Civ. P. 14(a)] claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction [over] the main claim between the original parties." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990); *see also* 28 U.S.C. § 1367(a) (2006). The Court was not divested of jurisdiction over the third-party claims by settlement of the main claims between plaintiff and defendants, even though complete diversity of citizenship no longer exists. *See King Fisher*, 893 F.2d at 1172. However, "[b]ecause ancillary jurisdiction is a doctrine of discretion," it is "within the district court's discretion to retain or dismiss . . . third-party claims after the settlement of the main claims." *Id.* (internal quotation marks omitted); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

Here, neither the remaining third-party plaintiffs nor third-party defendant ADCO General Corporation request this Court to exercise its discretion in favor of retaining jurisdiction over the third-party claims. Instead, they have responded to the Court's December 19, 2008 Order merely by acknowledging that diversity jurisdiction no longer exists in this action as to the remaining parties. [*See* Docket Nos. 156, 157, 158]. While third-party defendant McGee Agencies, Inc. has not yet responded to the December 19, 2008 Order, the Court finds that the interests of judicial economy, convenience, and fairness would be served by dismissing the remaining claims in this action. *See King*

*Fisher*, 893 F.2d at 1172. As is implicit in the above discussion, the third-party complaint raises no federal question. Third-party plaintiffs have not argued that any claims asserted in the third-party complaint would be time-barred if they must be brought in state court, nor does this appear likely. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 n.4 (10th Cir. 2004) (noting that 28 U.S.C. § 1367(d)'s "tolling provision provides assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." (internal quotation marks omitted)). In addition, some of the claims asserted in the third-party complaint might require the Court to delve into the plaintiff's original claims, which have been dismissed pursuant to settlement, if the Court were to retain jurisdiction. *See, e.g.*, Third-Party Compl. ¶¶ 37, 42, 50, 54. Further, the proceedings with respect to the third-party complaint are still at an early stage, with motions to dismiss but no answers filed by the third-party defendants. Accordingly, it is

ORDERED that the third-party complaint [Docket No. 92] is dismissed. All remaining claims in this action and parties thereto are also dismissed. It is further

ORDERED that third-party defendants' motions to dismiss [Docket Nos. 96, 117] are denied as moot.

DATED January 22, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge